IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Lamar Jackson, #12185-171, | ) CIVIL ACTION NO. 7:10-2536-HFF-BM |
| Plaintiff, | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| United States of America, | ) |
| Defendant. | ) |

Plaintiff is an inmate with the Federal Bureau of Prisons (BOP), currently housed at MCFP Springfield in Springfield, Missouri. This action has been filed by the Plaintiff, pro se, apparently pursuant to Rule 41(g), Fed.R.Crim.P., which provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." The Court is to treat such filings as a civil complaint for equitable relief. United States v. Dominguez, No. 09-5661, 2009 WL 2245064, at * 2 (S.D.N.Y. July 27, 2009).

Plaintiff alleges in his Complaint that on or about July 10, 2007 a prejudgment remedy was granted to the United States, following which the Court (presumably following his conviction on criminal charges) imposed a statutory obligation/lien against him in the amount of Eight Million Dollars. Plaintiff's Complaint otherwise consists of a convoluted discussion of securities/UCC law and/or financial matters so incomprehensible that it can only be considered by a reasonable person



as unconnected, conclusory, unsupported statements of "gibberish" that do not in and of themselves state a cause of action. See Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)[noting that federal courts lack power to entertain claims that are "so attenuated and unsubstantial as to be absolutely devoid of merit"]. Plaintiff appears to be seeking the return of any and all personal property taken by the United States Marshal pursuant to the orders of the court. See generally, Plaintiff's Complaint, with attached Exhibits [various requests, amendments, requests for mandatory injunctions, and including a purported "tender of payment"].

The Defendant filed a motion to dismiss, relying on its previously filed answer to Defendant's pleading, on July 19, 2011. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on July 22, 2011, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendant's motion may be granted, thereby ending his case. Plaintiff thereafter filed a response in opposition to the Defendant's motion on August 10, 2011.[1]

Defendant's motion is now before the Court for disposition.[2]

### Discussion

When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff.

---

[1] By text Order filed August 12, 2011, Plaintiff was also granted an extension of time to file an additional response. However, Plaintiff did not file any additional material in opposition to the Defendant's motion.

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendant has filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



The motion can be granted only if Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Additionally, the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). As the Plaintiff is proceeding pro se, his pleadings are considered pursuant to this liberal standard. However, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990). Such is the case here.

On October 2, 2007, Plaintiff pled guilty to one count of conspiracy to distribute narcotics pursuant to a written plea agreement. Plaintiff received a sentence of 192 months imprisonment and 5 years of supervised release, judgement having been entered on April 21, 2008. United States v. Jackson, Civil Action No. 7:07-711. On February 26, 2009, Plaintiff filed a motion under 28 U.S.C. § 2255 to vacate his sentence, claiming, inter alia, that he had been denied a right to a direct appeal. The Court granted Plaintiff's § 2255 motion on September 23, 2010, following which Plaintiff filed a notice of appeal on October 6, 2010. See Jackson v. United States, Civil Action Nos. 07-711 and 09-70020, and Appeal No. 10-5064. Plaintiff's direct appeal is currently pending in the Fourth Circuit Court of Appeals.[3]

The Defendant sets forth two arguments for dismissal of this case. First, Defendant argues that Plaintiff has failed to set forth any claim to which the Government can respond.

---

[3] On July 29, 2011, the Fourth Circuit placed Plaintiff's appeal in abeyance pending a decision in United States v. Perez.



Defendant notes that to the extent Plaintiff is demanding the return of personal property allegedly listed on his judgment order, that there is no personal property listed on the judgment order filed in Plaintiff's criminal case. See United States v. Jackson, No. 7:07-711 (Docket Entry No. 1119). Further, Plaintiff agreed in his plea agreement not to contest forfeiture of any assets that are legally subject to forfeiture; Id (Docket Entry No. 731, ¶ 11); and in any event Plaintiff has failed to identify any property subject to his claim. Defendant further argues, and the undersigned agrees, that Plaintiff has simply "written short nonsensical paragraphs regarding debt collection; personal property; taxing and monetary systems; and a myriad of other apparent financial codes and laws", to which it has no idea how to respond. Neitzke v. Williams, 490 U.S. 319, 322-330 (1989) [under 28 U.S.C. § 1915 a claim is frivolous and may be dismissed where it is presented in a patently insubstantial complaint, petition, or pleading]; see generally Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996)["While the pleading standard is a liberal one, bald assertions and conclusions of law" are not sufficient to avoid dismissal of a complaint for failure to state a proper claim.]; see also Adams v. Rice, 40 F.3d 72 (4th Cir. 1994)[affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory and nonsensical on its face].

      Secondly, the Defendant argues that, as Plaintiff currently has an appeal pending, it is questionable whether this Court even has jurisdiction over this matter. Defendant contends that while Rule 41(g) provides that a person aggrieved by the seizure or deprivation of property may move for the property's return, a civil complaint for such equitable relief should only be considered by the court "[o]nce criminal proceedings have concluded . . . .". Dominguez, 2009 WL 2245064, at * 2. While delay of consideration of a Rule 41(g) motion due to ongoing criminal proceedings does not appear to be *required*, Defendant argues that since Plaintiff is pursuing an appeal of his conviction,



it is unknown at this time under the facts of this case whether Plaintiff's agreement in his plea agreement not to contest forfeiture of assets will be affected by the appeals court's decision on his appeal. Defendant argues, therefore, that Plaintiff's current pleading should be dismissed as premature. Cf. Walker v. Connor, No. 02-7459, 2003 WL 21660483 (4th Cir. 2003); United States v. Swint, No. 94-276, 2007 WL 675340 (E.D.Pa. Feb. 27, 2007)[District Court and Court of Appeals should not adjudicate the same issue simultaneously]; Dayton Independent School District v. United States Mineral Products, Co., 906 F.2d 1059, 1063 (5th Cir. 1990)[District Court should refrain from taking any action that would "alter the status of the case as it rests before the Court of Appeal"]; see also United States v. Uribe-Londono, 238 Fed. Appx. 628, 629 (1st Cir. 2007)[Noting that Rule 41(g) motion is properly dismissed on a finding that it is premature].

In his response filed in opposition to the Defendant's motion, Plaintiff asserts that he should be able to proceed in his pro se capacity, and argues that "[t]he Government seeks to have this case dismissed and has made a request for summary judgment in their favor simply because the Plaintiff has no attorney!" However, that is not the basis of the Defendant's motion, and Plaintiff has otherwise offered no cogent arguments or rationale for the maintenance of this case, which is not even understandable in its current posture. Therefore, the undersigned agrees that this matter should be dismissed.

## Conclusion

Based on the forgoing, it is recommended that the Defendant's motion to dismiss be **granted**, and that Plaintiff's civil complaint for equitable relief (considered as having been filed under Rule 41(g), Fed.R.Crim.P.) be **dismissed**, without prejudice**.**



The parties are referred to the Notice Page attached hereto.

                                                                                  _____
                                                                                   Bristow Marchant
                                                                                   United States Magistrate Judge

September 29, 2011
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29401

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).