IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Christopher Lamar Jackson, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> ) <br> United States of America, ) <br> ) <br> Defendant. ) <br> _____ ) | C/A No. 7:10–2536-TMC <br><br> **OPINION & ORDER** |

    Christopher Lamar Jackson ("Plaintiff"), a federal inmate proceeding pro se, filed this civil action attempting to have a lien removed from his property. This matter is before the Court on the Magistrate Judge's Report and Recommendation filed September 29, 2011, recommending that Defendant's Motion to Dismiss be granted, and that Plaintiff's Complaint be dismissed without prejudice. (Dkt. # 40).

    The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

    Plaintiff was advised of his right to file objections to the Report and Recommendation (Dkt. # 40 at 7). On November 14, 2011, Plaintiff filed objections to the Report and Recommendation. (Dkt. # 46).

On October 2, 2007, pursuant to a written plea agreement, Plaintiff pled guilty to one count of conspiracy to distribute narcotics. *United States v. Jackson*, 7:07-cr-00711. On April 21, 2008, Plaintiff was sentenced to 192 months imprisonment and five (5) years of supervised release. *Id.* On February 26, 2009, Plaintiff filed a motion under 28 U.S.C. § 2255 to vacate his sentence, claiming, inter alia, that he had been denied a right to a direct appeal. On September 23, 2010, Plaintiff's § 2255 motion was granted and Plaintiff filed a notice of appeal on October 6, 2010. *Id.* Plaintiff's direct appeal is currently pending before the Fourth Circuit Court of Appeals. *Id.*

Plaintiff then filed this action pursuant to Rule 41(g), Fed.R.Crim.P. Rule 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." The court is to treat such an action as a civil complaint for equitable relief. *United States v. Dominguez*, No. 09-5661, 2009 WL 2245064, at * 2 (S.D.N.Y. July 27, 2009). Plaintiff also states he is seeking relief pursuant to the Uniform Commercial Code and the Federal Debt Collection Procedures Act.

Plaintiff appears to be seeking the return of personal property he alleges was taken by the United States Marshal pursuant to the orders of the court. However, as noted by the Magistrate Judge, and argued by Defendant, Plaintiff has simply "written short nonsensical paragraphs regarding debt collection; personal property; taxing and monetary systems; and a myriad of other apparent financial codes and laws. . . " (Report at 4). As the Magistrate Judge also noted, Plaintiff agreed in his plea agreement that he would not contest the forfeiture of any assets that are legally subject to forfeiture and moreover Plaintiff has failed to identify any property which was allegedly forfeited. Finally, the Magistrate Judge noted that Plaintiff's direct appeal is currently pending in the Fourth Circuit and cited cases where courts have held in similar

circumstances such actions should be dismissed as premature. (Report at 5).

In his objections, Plaintiff lists the property he is seeking to recover: one gold necklace with cross; four televisions; two safes containing change; and a 1987 Caprice Classic automobile. While this may be responsive to the Magistrate Judge's concern regarding Plaintiff's lack of identification of any property allegedly forfeited, Plaintiff has not addressed the Magistrate Judge's additional reasons for recommending dismissal.[1] The court has carefully reviewed Plaintiff's objections and finds his objections to be without merit.

After a thorough review of the Report and Recommendation and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein. It is therefore **ORDERED** that the Defendant's Motion to Dismiss (Dkt # 32) is **GRANTED** and this action is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Greenville, South Carolina
November 21, 2011

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[1] Moreover, Plaintiff has failed to make a threshold showing of an ownership interest in this property. "To contest a forfeiture, one must have an ownership interest in the res." *United States v. One 1945 Douglas C-54 (DC-4) Aircraft, Serial No. 22186*, 647 F.2d 864, 866 (8th Cir.1981). Such interest "may be evidenced in a number of ways including showings of actual possession, control, title and financial stake." *Id.* In his Objections, Plaintiff merely lists the property he wishes to recover without submitting any proof of ownership. "[I]n order to satisfactorily establish standing, a party must do something more than conclusorily state that he has some undefined 'interest' in the asset subject to forfeiture." *Matthews v. United States,* 917 F.Supp. 1090, 1104 (E.D.Va.1996)(internal citation and quotation marks omitted).